NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4904
_____

UNITED STATES OF AMERICA,

v.

CARLOS MIRANDA-FREYTES,
a/k/a Manuel Inoa, a/k/a Mario Cabrera,

Appellant.

Appeal from the United States District Court
for the District of the Virgin Islands
(Crim. No. 3-08-cr-00015-001)
District Judge: Hon. Curtis V. Gómez

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2009

Before: McKEE, *Chief Judge,*
FUENTES and NYGAARD, *Circuit Judges*

(Opinion Filed May 13, 2010)

OPINION

McKEE, *Chief Judge*.

Carlos Miranda-Freytes[1] appeals his conviction for illegally reentering the United

_____

[1] Although Miranda-Freytes is referred to as Mr. Cabrera throughout the appellant's
brief, we will refer to him as Miranda-Freytes in this opinion to be consistent with the case
caption.

1

States in violation of 8 U.S.C. § 1326.  He argues that the district court erred in denying his motion to suppress his fingerprints and certain contents of his immigration file.  For the reasons that follow, we will affirm.[2]

## I.

Inasmuch as we are writing for the parties who are familiar with this case, we need not set forth the factual or procedural background of this appeal in detail.

Miranda-Freytes argues that Peak's handcuffing of him in the engine room constituted a *de facto* arrest unsupported by probable cause.  Accordingly, he argues that the fruit of this unlawful arrest, his fingerprints and certain information in his immigration file, must be suppressed. We disagree.

In *United States v. Bowley*, 435 F.3d 426 (3d Cir. 2006), we considered the question of whether identity information, including a defendant's fingerprints and immigration file, should be suppressed as a result of an unlawful arrest.  In concluding that suppression was not appropriate, we noted that the Supreme Court had stated that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred."  *Id.* at 430 (citing *INS v. Lopez-*

---

[2]  The district court had jurisdiction over the case pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review "denial of a motion to suppress for clear error as to the underlying factual findings and exercise[ ] plenary review of the District Court's application of the law to those facts." *United States v. Bond*, 581 F.3d 128, 133 (3d Cir. 2009) (internal quotation marks omitted) (alteration in original) (quoting *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002)).

*Mendoza*, 468 U.S. 1032, 1039 (1984)). Although *Bowley* was a criminal prosecution and *Lopez-Mendoza* was a civil proceeding, we noted our "doubt that the Court lightly used such a sweeping word as 'never' in deciding when identity may be suppressed as the fruit of an illegal search of arrest." *Id.* Thus, even if we assume that the use of handcuffs transformed what would otherwise have been a lawful *Terry* stop into a *de facto* arrest unsupported by probable cause, we would still not be confronted with the kind of egregious circumstances that could subject the evidence Miranda-Freytes seeks to suppress to Fourth Amendment scrutiny.[3] Nothing on this record supports a finding that the arresting authorities did anything to "transgress notions of fundamental fairness and undermine the probative value of the evidence obtained." *Lopez-Mendoza*, 468 U.S. at 1050-51.

## II.

For the foregoing reasons, we will affirm Miranda-Freytes's conviction and judgment of sentence.

---

[3] In *Lopez-Mendoza*, the Court left open the possibility that identity information may be suppressible if obtained through "egregious violations of Fourth Amendment or other liberties that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained." 468 U.S. at 1050-51.